UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC CLERK, CHARLESTON, SC

Willie S. Merriweather, # 240382, ) C/A No. 2:07-228-PMD-RSC
)
Petitioner, )
)
vs. ) Report and Recommendation
)
Warden, Kershaw Correctional Institution, )
)
Respondent. )
)

The petitioner, Willie S. Merriweather ("Petitioner"), proceeding *pro se*, brings this Petition pursuant to 28 U.S.C. § 2254. Petitioner is challenging a state court sentence imposed upon him in Edgefield County, South Carolina. The Petition should be dismissed, as Petitioner has not exhausted his state remedies.

## Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition in light of the following precedents: *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). Even under this less stringent standard, however, the *pro se* Petition is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which the Petitioner could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Petitioner's legal arguments for him, *Small v. Endicott*, 998

F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, (4th Cir. 1990).

This case filed by a prisoner has also been reviewed pursuant to the procedural provisions of 28 U.S.C. § 1915, "new" 28 U.S.C. § 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, (1992); and *Neitzke v. Williams*, 490 U.S. 319, 324-325, (1989).

## Background

Petitioner is an inmate at Kershaw Correctional institution, where he is serving a nine-year sentence for second degree burglary. Petitioner was sentenced in Edgefield County on October 17, 2005, and filed a direct appeal. Petitioner states that this direct appeal is still pending.

## Discussion

The Petition for a writ of habeas corpus under 28 U.S.C. § 2254 in the above-captioned case should be dismissed because Petitioner has not exhausted his state remedies. With respect to his convictions and sentence, a petitioner's sole federal remedies are a writ of habeas corpus under 28 U.S.C. § 2241 and a writ of habeas corpus under 28 U.S.C. § 2254, which can be sought only after the petitioner has exhausted his state court remedies. *See* 28 U.S.C. § 2254(b); *Picard v. Connor*, 404 U.S. 270 (1971); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-491 (1973)(exhaustion also required under 28 U.S.C. § 2241).

Since Petitioner has a viable state court remedy which has not been fully utilized, the

United States District Court for the District of South Carolina should not keep this case on its docket while he is exhausting his state remedies. *See Galloway v. Stephenson*, 510 F. Supp. 840, 846 (M.D.N.C. 1981): "When state court remedies have not been exhausted, absent special circumstances, a federal habeas court may not retain the case on its docket, pending exhaustion, but should dismiss the petition." *See also Pitchess v. Davis*, 421 U.S. 482, 490 (1975); and *Lawson v. Dixon*, 3 F.3d 743, 749 n. 4, (4th Cir. 1993), where the United States Court of Appeals for the Fourth Circuit noted: "[E]xhaustion is not a jurisdictional requirement, but rather arises from interests of comity between the state and federal courts."

Since Petitioner's direct appeal is still pending, he has not exhausted his state remedies, and his Petition is subject to summary dismissal at this time.

### Recommendation

Accordingly, it is recommended that the Petition for a writ of habeas corpus in the above-captioned case be dismissed *without prejudice* and without service upon the respondents. See *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.)(federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return), cert. denied, 400 U.S. 906 (1970); and *Toney v. Gammon*, 79 F.3d 693, 697 (8th Cir. 1996) (a petition may be summarily dismissed if the record clearly indicates that the Petitioner's claims are either barred from review or without merit).

Respectfully submitted,

Robert S. Carr
United States Magistrate Judge

February 6, 2007
Charleston, South Carolina

**The petitioner's attention is directed to the important warning on the next page.**

3

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).