IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Willie S. Merriweather, #240382,<br><br>        Petitioner,<br><br>v.<br><br>Warden, Kershaw Correctional Institution,<br><br>        Respondent. | C.A. No.: 2:07-228-PMD-RSC<br><br>**ORDER** |

  This matter is before the court on Willie S. Merriweather's ("Merriweather" or "Petitioner") petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Record contains a Report and Recommendation ("R&R") of a United States Magistrate Judge made in accordance with 28 U.S.C. § 636(b)(1). The Magistrate Judge's R&R recommends that Merriweather's petition be dismissed without prejudice and without service upon the Respondent. A party may object, in writing, to an R&R within ten days after being served with a copy of that report. 28 U.S.C. § 636(b)(1). Merriweather filed timely objections to the R&R.

## **BACKGROUND**

  Merriweather is currently incarcerated at Kershaw Correctional Institution, where he is serving a nine-year sentence for second degree burglary pursuant to a guilty plea. On January 24, 2007, he filed the instant § 2254 petition, in which he indicated that his appeal with the South Carolina Court of Appeals was still pending. United States Magistrate Judge Robert S. Carr issued an R&R on February 6, 2007, recommending Merriweather's petition be dismissed without prejudice because he has not exhausted his state remedies. (R&R at 3.)

1

**STANDARD OF REVIEW**

This court is charged with conducting a *de novo* review of any portion of the Magistrate Judge's R&R to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that R&R. 28 U.S.C. § 636(b)(1). After a review of the entire record, the R&R, and Petitioner's objections, the court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the court adopts the R&R and fully incorporates it into this Order.

**ANALYSIS**

"In order for a state prisoner to pursue a habeas corpus petition in federal court, the petitioner must first have exhausted his available state court remedies." *Mallory v. Smith*, 27 F.3d 991, 994 (4th Cir. 1994) (citing 28 U.S.C. § 2254 (b)-(c)). Section 2254(b) provides, in relevant part,

> (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B)(i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b). While the exhaustion requirement is not jurisdictional, it is strictly enforced. *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). If an appeal is pending in state court, the federal court should dismiss the petition. *See Shelton v. South Carolina*, 285 F.2d 540, 541 (4th Cir. 1961) ("Since in the present case we have been satisfied beyond doubt that there is now pending in the State Supreme Court a proceeding that will determine on their merits the issues sought to be raised by the petitioner, we will affirm the order of the District Court dismissing the petition.").

In his § 2254 petition, Merriweather indicates he filed an appeal with the Court of Appeals

of South Carolina and that the appeal is still pending. (*See* Petition at 3.) Because of the pending appeal, the Magistrate Judge recommended this court dismiss Merriweather's § 2254 petition without prejudice. (*See* R&R at 3.) Merriweather filed Objections, and while difficult to understand, the court reads his Objections broadly to find that he objects to the Magistrate Judge's recommendation that the petition be dismissed because Petitioner has not exhausted his state court remedies. (Objections at 1.) Merriweather does not argue, however, that he has in fact exhausted his state court remedies.

As noted above, the exhaustion requirement is not jurisdictional. *See Matthews*, 105 F.3d at 911; *Jenkins v. Fitzberger*, 440 F.2d 1188, 1189 (4th Cir. 1971) ("[T]he exhaustion requirement of 28 U.S.C. § 2254 is not a jurisdictional concept but simply a flexible matter of comity . . ." (internal quotation marks and citations omitted)); *see also Picard v. Connor*, 404 U.S. 270, 275 (1971) ("The exhaustion-of-state-remedies doctrine, now codified in the federal habeas statute . . . reflects a policy of federal-state comity. . . ."); *Hughes v. South Carolina*, 444 F. Supp. 2d 594, 596-97 (D.S.C. 2006). It is, however, strictly enforced. *See Matthews*, 105 F.3d at 911; *see also Lawson v. Dixon*, 3 F.3d 743, 752 (4th Cir. 1993).

## **CONCLUSION**

It is therefore **ORDERED**, for the foregoing reasons, that Merriweather's petition for writ of habeas corpus is **DISMISSED** without prejudice and without service upon the Respondent.

**AND IT IS SO ORDERED**.

_____
PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**March 27, 2007**